## BEAUPRE v. UNITED STATES.
### No. 3600.

District Court, D. Massachusetts.

Dec. 24, 1931.

Thomas P. Shea and Shea & Garvey, all of Springfield, Mass., and Challen W. Waychoff and Roy J. Waychoff, both of Waynesburg, Pa., for plaintiff.

Frederick H. Tarr, U. S. Atty., and John Laurence Hurley, Sp. Asst. to U. S. Atty., both of Boston, Mass., for the United States.

BREWSTER, District Judge.

This is a petition brought against the United States to recover the benefits of a contract of war risk insurance in the sum of $10,000 issued to the petitioner while in the service, on February 1, 1918.

The government paid installments on this policy from October 4, 1918, to March 3, 1922, when payments were discontinued.

A disagreement between the insured and the director of the Veteran's Bureau is admitted.

The petitioner claims total and permanent disability on October 4, 1918, when he was severely wounded during the drive at the Argonne Forest. The sole question for determination is whether on that date, the policy being then in force, he was totally and permanently disabled within the meaning of the contract. I find on this issue the following pertinent facts:

He enlisted in April, 1917, and in February, 1918, was sent to France with a machine gun battalion. In July, 1918, while digging trenches under fire, he received an injury to his foot, which was pierced by a pickax wielded by a comrade working near him. This wound was treated by the company doctor without any hospitalization. A few days after his return to the line, he was gassed and was sent to a field hospital for three or four days. He was in the St. Mihiel offensive, and on October 4, 1918, he was with his battalion in the Argonne Forest. On that date he volunteered to bring in, in the face of the enemy's fire, a wounded officer; but before he had reached him he was hit by a shell and wounded in both legs. After an exhausting and harrowing experience, both on the field and in the dressing station, he was finally removed to an evacuation hospital. He was in this and other hospitals in France until early in 1919, when he returned in a hospital ship to the United States. There were two operations in the evacuation hospital. Subsequently there were four other operations while he was in France, and two operations after he returned to the United States. All of these operations were amputations of a portion of the right leg until that leg was amputated a few inches below the thigh.

After returning to the United States, he was in hospitals at Rahway, N. J., Parker Hill, Boston, and at the Walter Reed Hospital in Washington. Upon his discharge from the Walter Reed Hospital, he returned to Springfield. For a time his only way of getting about was on crutches. Artificial limbs had been tried without success. He finally had one made which is held by a belt around the waist and which, after a somewhat painful and protracted period, he was able to use, with the aid of a cane; but he easily loses his balance, and is at any time liable to fall.

His war and hospital experiences resulted in shattered nerves; and ever since his discharge he has manifested a mild type of neurasthenia. He has also had trouble with his spine, which interferes with his sitting at times and, since 1921, he has almost continually received electrical treatment and massage. He has also been afflicted with bronchitis. He tried, without success, to take up his old employment of painter, and started employment as cashier in a restaurant and as a night man in a garage, but all of these undertakings he had to abandon on account of his physical condition. Other attempts to secure employment were unsuccessful because of his infirmities. He still has attacks of dizziness, is subject to nervous disturbances, and suffers pain. His bronchial trouble brings on spells of coughing and expectoration and results in shortness of breath so he is unable to walk any great distance without resting.

On the evidence, it is clear that this veteran has not carried on any gainful occupation since the date of his injury on October 4, 1918, and I am convinced that the reason he has not done so is because his disabilities have been such that it has been impossible for him to engage in any substantially remunerative employment. I so find.

Judgment for the petitioner in the usual form may be entered, except that since the government has paid the installments accruing under this policy between October 4, 1918, and March 3, 1922, a proper deduction should be made therefor.